UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK LEE PAULER,

    Plaintiff,

v.                                                                  Case No. 3:22cv23003-LC-HTC

ESCAMBIA COUNTY JAIL, et al.,

    Defendants.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

    On November 18, 2022, the Court ordered Plaintiff to either pay the $402 filing fee or submit a complete motion to proceed *in forma pauperis* by December 9. ECF Doc. 3. Plaintiff subsequently submitted a deficient motion to proceed *in forma pauperis*. ECF Doc. 6. Thus, on December 16, the Court denied the motion without prejudice and ordered Plaintiff to pay the filing fee or submit a complete motion by January 6. ECF Doc. 7. The December 16 Order warned Plaintiff that his failure to comply with it could result in a recommendation that this case be dismissed.

    After Plaintiff failed to comply with the December 16 Order within the allotted time, the Court ordered him on January 12, 2023, to show cause within fourteen (14) days why this case should not be dismissed. ECF Doc. 8. To date,

Plaintiff has not responded to the January 12, 2023, Order or complied with the December 16, 2022, Order.  Also, Plaintiff has not filed a notice of change of address with the Court, which he was specifically directed to do on numerous occasions.[1] Thus, based on the foregoing, dismissal of this case is appropriate.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is ORDERED:

1. The clerk shall send a courtesy copy of this Order and Report and Recommendation to Plaintiff at Florida State Hospital, 100 North Main Street, Chattahoochee, Florida 32324.

---

[1] Although Plaintiff identified his mailing address as being in North Carolina in his complaint, ECF Doc. 1 at 2, all orders sent to that address have been returned as undeliverable, ECF Docs. 4, 9, 10.  Thus, the Court has also, as a matter of courtesy, been sending copies of its orders to Florida State Hospital, as that was the return address written on the envelopes containing the complaint, ECF Doc. 1 at 12, and motion to proceed *in forma pauperis*, ECF Doc. 6 at 4.  Those orders have not been returned as undeliverable.  Records from the websites of the Columbia County jail and clerk of court indicate Plaintiff was detained at the jail from January 19 to January 27 for a competency hearing but was released on January 27.  Plaintiff's current whereabouts are unknown due to his failure to keep the Court informed of his mailing address.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk close the file.

At Pensacola, Florida, this 3rd day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.

Case No. 3:22cv23003-LC-HTC